## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | |
|---|---|
| DRE BROWN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )  CAUSE NO. 3:13-CV-787 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

### OPINION AND ORDER

This matter is before the court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Dre Brown on August 1, 2013. For the reasons set forth below, the Court **DENIES** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1), and **DIRECTS** the Clerk to close this case.

BACKGROUND

Dre Brown, a *pro se* prisoner, filed a habeas corpus petition challenging his prison disciplinary proceeding (WCC 13-05-272) which was held at the Westville Correctional Facility on May 22, 2013. The Discipline Hearing Body (DHB) found him guilty of possessing an electronic device in violation of B-207 and sanctioned him with the loss of 60 days earned credit time and demoted him to Credit Class 2. Brown administratively appealed, but the only argument he presented was that the coat in which electronic device was found was not his. In the habeas corpus

petition he presents four claims, but two of them are merely restatements of the argument that there was insufficient evidence to find him guilty.

DISCUSSION

The respondent argues that Brown has procedurally defaulted Grounds One and Two because he did not raise them during his administrative appeal. In Ground One he argues that the hearing officer was not impartial. In Ground Two he argues that he was denied a witness. "[T]o exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the . . . Final Reviewing Authority . . .." *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002). The form used by White to file his habeas corpus petition ask him if he exhausted these claims by raising them during his administrative appeal. DE 1 at 2. White indicated that he had, but his Disciplinary Hearing Appeal shows that he did not. Rather, he only raised one claim arguing that there was insufficient evidence to find him guilty. DE 4-4 at 1. Because Grounds One and Two are unexhausted, they cannot be a basis for habeas corpus relief.

In Grounds Three and Four, he argues that there was insufficient evidence to find him guilty. In evaluating whether there is adequate evidence to support the findings of a prison disciplinary hearing, "the relevant question is whether there is

2

any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). Even a conduct report alone can provide evidence sufficient to support the finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Here, the conduct report stated:

> On the above date and approximate time, I Officer M. Jones was performing a secure round when I observed Offender Brown, Dre # 139438 with a cell phone charger hanging out his coat pocket. I, officer Jones then gave Offender Brown an order to give me the device, to which he complied.

DE 4-4.

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*Hill*, 472 U.S. at 457 (quotations marks and citation omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, there was sufficient evidence to find Brown guilty of possessing an electronic device. Though he argues that there was

evidence that the coat belonged to another inmate, he presented that argument to the DHB and it weighed the facts and found against him. There is no indication that the decision was arbitrary. "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Unlike in *Austin v. Pazera*, __F.3d __, 2015 WL 710356 (7th Cir. February 19, 2015), here the DHB had evidence to support its conclusion that the contraband was found in his coat because the reporting officer stated that it was hanging out of the pocket of his coat. It was up to the DHB to resolve who owned the coat. Though the DHB may have reached the wrong conclusion, it is not for this court to re-weigh the evidence.

CONCLUSION

For the foregoing reasons, the Court **DENIES** the petition for writ of habeas corpus, and **DIRECTS** the Clerk to close this case.


DATED: March 19, 2015                /s/RUDY LOZANO, Judge
                                     United State District Court